UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT STEWART, | ) |
| Petitioner, | ) ) ) |
| vs. | ) )   Case No. 1:20-CV-255 SRW |
| BILL STANGE, | ) ) ) |
| Respondent(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Robert Stewart for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). The State has filed a response. Petitioner did not file a reply, and the time for doing so has passed. Both parties consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.     BACKGROUND**

In 2016, a jury convicted Petitioner of unlawful use of a weapon, first-degree burglary, armed criminal action, and third-degree domestic assault. The Circuit Court of St. Francois County sentenced him to fifteen years in prison for unlawful use of a weapon, five years for first-degree burglary, three years for armed criminal action, and one day for third-degree domestic assault. The court ordered all of the sentences to run concurrently for a total sentence of fifteen years in prison. Petitioner filed a direct appeal, and the Supreme Court of Missouri affirmed. Petitioner filed a post-conviction relief ("PCR") motion pursuant to Missouri Supreme Court Rule 29.15. The PCR motion court denied Petitioner's claims without an evidentiary hearing,

1

and the appellate court affirmed the motion court's decision. Petitioner now seeks habeas relief before this Court.

The Supreme Court of Missouri described the facts of Petitioner's conviction as follows:

> Viewed in the light most favorable to the verdict, the record shows Stewart and T.S. divorced in early 2014 but attempted to reconcile and began living together in November 2014. Stewart and T.S. made a $5,000 down payment on a rent-to-own arrangement for the residence at issue. When Stewart failed to return home one night, T.S. told him to leave and "not come back." Stewart agreed and began sleeping in a camper on the property.
>
> On January 23, 2015, a few days after Stewart agreed to move out of the residence, T.S. asked Stewart to deliver firewood to the residence. Stewart and T.S.'s uncle moved the firewood into the basement. After delivering the firewood, Stewart went upstairs and knocked on T.S.'s bedroom door. T.S. exited the bedroom with another man. T.S. observed Stewart holding a gun and told him to leave. Stewart responded by firing the gun into the ceiling. T.S. testified she was "startled" by the shot and more forcefully told Stewart to leave. Stewart threatened to kill T.S. and her guest. Stewart then left the residence and, as T.S. went to close the door behind him, Stewart fired a shot through a window near the door.

(ECF No. 8-9, at 2).[1]

## II.   STANDARD

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

---

[1] These facts are taken directly from the Missouri Supreme Court's Memorandum affirming Petitioner's conviction on direct appeal. The Court presumes a state court's determination of a factual issue is correct. *See* 28 U.S.C. § 2254(e).

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

### III. DISCUSSION

Petitioner asserts two claims for relief in his Petition: (1) the trial court erred in overruling his motion for a judgment of acquittal because the evidence was insufficient to support his assault and burglary convictions, and (2) the motion court and the Missouri Court of Appeals erred in denying him an evidentiary hearing on his ineffective assistance of counsel claims by erroneously finding he did not plead sufficient facts that, if proven true, would entitle him to relief.

#### A. Claim One – Insufficient Evidence

In his first claim for relief, Petitioner argues the trial court erred in overruling his motion for a judgment of acquittal because the evidence was insufficient to support his third-degree domestic assault and first-degree burglary convictions. Petitioner alleges T.S.'s testimony that the gunshot "startled" her, was insufficient to find that she was in immediate apprehension of physical injury. (ECF No. 1, at 12). Petitioner believes the State did not prove T.S. was placed in immediate apprehension of physical injury. *Id*. at 12-13. As a result, Petitioner believes there was insufficient evidence to support his assault and burglary convictions. *Id*.

When a habeas petitioner challenges his conviction based on the sufficiency of the evidence, the relevant question is whether, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. This narrow standard of review only allows a court to grant relief if it

finds the state court's conclusion that the evidence was sufficient both incorrect and unreasonable. *See Nash v. Russell*, 807 F.3d 892, 897 (8th Cir. 2015). When deciding a sufficiency of the evidence challenge, a federal habeas court is not permitted to make its own determination of witness credibility, for that determination is for the state court trier of fact. *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000). The jury, as the finder of fact, is under no obligation to believe any particular evidence, including victim testimony. *State v. Jackson*, 433 S.W.3d 390, 399 (Mo. banc 2014).

While the threshold of proof in this analysis "is purely a matter of federal law," a federal habeas court looks to state law for the substantive elements of the offense. *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). Importantly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68. Missouri Revised Statute § 565.074(3) (2012) describes the elements of domestic assault in the third degree as follows:

> A person commits the crime of domestic assault in the third degree if the act involves a family or household member, including any child who is a member of the family or household, as defined by section 455.010 and:
> . . .
>
> (3) The person purposefully places such family or household member in apprehension of immediate physical injury by any means; . . .

Missouri Revised Statute § 455.010(7) defines "family or household member" as:

> A "family" or "household member," [includes] spouses, former spouses, any person related by blood or marriage, persons who are presently residing together or have resided together in the past, any person who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and anyone who has a child in common regardless of whether they have been married or resided together at any time.

Finding there was sufficient evidence for each of the elements under § 565.074(3), the Supreme Court of Missouri upheld Petitioner's conviction, concluding:

5

> Stewart's argument fails because it requires this Court to credit T.S.'s testimony when the jury declined to do so. The jury, as the finder of fact is under no obligation to believe any particular evidence, including T.S.'s testimony. This Court does not sit as a super juror with veto power over the jury's verdict and will not substitute its own credibility determination for that of the jury.
>
> There is no statutory definition of the word "apprehension" as used in § 565.074.1(3). "In the absence of a statutory definition, words will be given their plain and ordinary meaning as derived from the dictionary." The word "apprehension" means "the act or power of perceiving or comprehending" or "the result of apprehending mentally: conception." Therefore, Stewart's conviction for third-degree domestic assault will be affirmed if there is sufficient evidence for a reasonable juror to find beyond a reasonable doubt T.S. perceived, comprehended, or conceived immediate physical injury.
>
> Viewing evidence in the light most favorable to the verdict, the record shows Stewart knocked on T.S.'s bedroom door while holding a gun. When she told him to leave, Stewart discharged the gun into the ceiling. T.S. testified she was "startled" by the shot and more forcefully told Stewart to leave. T.S. testified, if the bullet had hit her at close range it would "do some damage." Finally, T.S. moved to shut the door behind Stewart, at which time Stewart fired a second shot back into the house. T.S.'s testimony that she was startled by the gunshot, forcefully told Stewart to leave, was aware she could have been injured by the gunfire, and moved to shut the door behind Stewart as he left constitutes sufficient evidence for a reasonable juror to find T.S. subjectively perceived, comprehended, or conceived immediate physical injury due to Stewart's actions. The circuit court did not err in overruling Stewart's motion for judgment of acquittal on his conviction for third-degree domestic assault.

(ECF No. 8-9, at 4-5) (internal citations omitted). The Supreme Court of Missouri correctly applied the standard of review articulated in *Jackson*. Thus, the decision is entitled to deference. *See* 28 U.S.C. § 2254(d).

This Court's review of the record supports the state court's decision. At trial, T.S. testified Petitioner pounded on her bedroom door and awoke her. (ECF No. 8-1, at 102). When she opened her door, and walked into the hallway, Petitioner was standing there holding a handgun. *Id*. at 102-03. She told Petitioner to "get the f\*\*k out of the house." *Id*. at 103. Petitioner then fired the gun into the ceiling. *Id*. at 104. T.S. stated she was startled by Petitioner firing the weapon and knew she could be hurt if she were hit by a bullet at that range. *Id*. at 104.

6

T.S. more forcefully demanded Petitioner, "Get the f**k out." *Id*. at 104. Petitioner threatened to kill her, left the house, and then fired a second shot into the house through a window. *Id*. at 104-07. A reasonable juror could conclude from T.S.'s testimony that she understood she was at risk of immediate physical injury from Petitioner's actions.

In support of his argument, Petitioner relies on *J.D.B. v. Juvenile Officer*, 2 S.W.3d 150, 152 (Mo. App. 1999). (ECF No. 1, at 13). In *J.D.B.*, the Missouri appellate court analyzed if there was sufficient evidence to support a conviction for third degree assault. 2 S.W.3d at 152-56. The facts in *J.D.B*, however, are distinguishable. In *J.D.B.*, the defendants surrounded the victim's car while she was locked inside and used plastic machetes to intimidate her. *Id*. at 152. The victim knew the machetes were plastic and testified she was, "Not frightened. Alarmed. I didn't know what they were doing." *Id*. The court found there was no evidence the victim was placed in fear of her physical well-being because she testified she was not frightened, her doors were locked so she did not think there was anything the defendants could do to her, and she knew the weapon was plastic. *Id*. at 153.

In this case Petitioner used a handgun, firing the weapon as T.S. was demanding him to leave the residence after he found her with another man in her bedroom. The record as a whole suggests that a reasonable juror could find T.S. was subjectively placed in apprehension of physical injury from Petitioner's actions. Also, the jury was free to discredit T.S.'s testimony that she was not placed in apprehension of immediate physical injury. Determinations of witness credibility are left to the jury, not this Court. *Robinson*, 225 F.3d at 954.

Petitioner further alleges that because there was insufficient evidence to support the domestic assault charge, the burglary conviction cannot stand under Missouri Revised Statute § 569.160. (ECF No. 1, at 13-14). As the Court finds there was sufficient evidence to convict

7

Petitioner of third-degree domestic assault, his argument regarding his first-degree burglary conviction also fails.

The facts presented in Petitioner's case, viewed in the light most favorable to the verdict, show sufficient evidence to support his third-degree domestic assault and first-degree burglary convictions. Based on the record as a whole, a reasonable juror could find that T.S. was placed in subjective apprehension of immediate physical injury. Thus, the decision of the Supreme Court of Missouri is neither incorrect nor an objectively unreasonable application of clearly established law. For these reasons, the Court will deny the Petition on this claim.

### B. Claim Two – Evidentiary Hearing

In his second claim for relief, Petitioner asserts that the motion court and Missouri Court of Appeals both erred in denying him an evidentiary hearing by erroneously finding he did not plead sufficient facts in his PCR motion that, if proven true, would entitle him to relief for his claims of ineffective assistance of counsel.

In his amended PCR motion, Petitioner asserted three ineffective assistance of counsel claims: (1) his counsel failed to file a motion for change of judge; (2) his counsel failed to investigate and call two witnesses; and (3) his counsel failed to advise him that his mandatory minimum sentence, if convicted of unlawful use of a weapon, was 15 years. (ECF No. 8-16, at 52, 56, 61). The PCR motion court found Petitioner was not entitled to an evidentiary hearing because the record before the court indicated he had no grounds upon which relief could be granted. (ECF No. 8-16, at 86). The Missouri Court of Appeals affirmed the PCR motion court's denial of an evidentiary hearing finding that the record refuted Petitioner's claims of ineffective assistance of counsel; therefore, he was not entitled to an evidentiary hearing. (ECF No. 8-14, at

8

6, 10, 11). Petitioner asks this Court to "remand this case back to the motion court and grant [him] an evidentiary hearing." (ECF No. 1, at 17).

A state court's decision not to grant an evidentiary hearing is not a cognizable federal claim. "[I]nfirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction," because there is no federal constitutional requirement for a state to provide a means of post-conviction review. *Williams v. State of Missouri*, 640 F.2d 140, 143-44 (8th Cir. 1982); *see also Leachman v. Prudden*, No. 4:08-CV-688 CEJ, 2011 WL 3235620 at *4 (E.D. Mo. Jul. 28, 2011) ("In her second ground for relief, petitioner claims that the trial court's denial of her request for a post-conviction evidentiary hearing was a violation of due process. This claim is not cognizable under 28 U.S.C. § 2254."); *Powell v. Morriss*, No. 4:15-CV-997 NCC, 2018 WL 3427852 at *2 (E.D. Mo. Jul. 16, 2018) ("[E]ven if the Court were to assume that Petitioner was raising an issue regarding the denial of an evidentiary hearing before the motion court, such a claim would be non-cognizable on federal review as such a determination is a matter of state law."). Petitioner's claim that the motion court and the Missouri Court of Appeals erred in not granting an evidentiary hearing does not implicate the federal constitution; therefore, his claim is not cognizable under 28 U.S.C. § 2254. The Court will deny the Petition on this claim.

To the extent Petitioner reasserts his ineffective assistance of counsel claims before this Court, the Court finds as follows.[2]

### 1.   Failure to file a motion for change of judge

In his first ineffective assistance of counsel claim, Petitioner asserted he was denied his rights to a change of judge, effective assistance of counsel, due process of law, to present a

---

[2] *Pro se* filings are to be construed liberally. *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009).

defense, and to a fair trial because his counsel did not move for a change of judge. The trial court judge presided over the adoption of T.S.'s daughters, and Petitioner was concerned the judge's prior knowledge of his family, including accusations that Petitioner was violent towards T.S., would affect the judge's ability to be fair and impartial.

The Court of Appeals affirmed the PCR motion court's denial of this claim, finding:

> Under Rule 32.07, a change of judge shall be granted as a matter of right if a motion is filed within ten days after the initial plea is entered. In addition, a defendant may move for a change of judge for cause if the judge is disqualified for any reason or is not a disinterested party. . . .
>
> Even assuming Movant requested that his counsel file the above motions and that, had his counsel timely filed them, the change of judge would have been granted as a matter of right, Movant fails to establish prejudice from this failure. In order to succeed on a claim of ineffective assistance of counsel based on a failure to request a change of judge, a movant must also plead facts showing that actual prejudice resulted from counsel's failure. Courts do not presume prejudice for purposes of the *Strickland* analysis from a counsel's failure to obtain procedural benefits as matter of right, such as a change of judge or venue.
>
> Here, Movant pleaded that he was prejudiced because the trial court sentenced him to fifteen years in the Missouri Department of Corrections while a different judge may have given him a lesser sentence. However, as Movant argues in Point I, fifteen years was the minimum sentence the court could have imposed following his conviction by the jury on Count I. Because Movant could not have received a lesser sentence from any other judge, the fact that he received the mandatory minimum sentence from the judge to whom he was assigned does not support his assertion of actual prejudice. The record refutes his claim of actual prejudice from his counsel's failure to request a change of judge as a matter of right or for cause, and thus Movant was not entitled to an evidentiary hearing on this claim.

(ECF No. 8-14, at 10-11) (internal citations omitted). Because the Court of Appeals' decision is not an incorrect or unreasonable application of federal law, it is entitled to deference. *See* 28 U.S.C. § 2254(d).

In order to prevail on an ineffective-assistance-of-counsel-claim, a petitioner must meet the two-prong test established by *Strickland v. Washington*, 466 U.S. 687, 690, 694 (1984): (1) he must show that counsel's performance was so deficient that, "in light of all the circumstances,

the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

As the Court of Appeals held, Petitioner did not establish he was prejudiced by his counsel's failure to move for a change of judge because he was sentenced to the minimum term of imprisonment required by law for his conviction under Missouri Revised Statute § 571.030. Section 571.030.1 requires a fifteen-year sentence for anyone convicted under subsection (9) which is someone who "discharges or shoots a firearm at any person . . . or at any building or habitable structure, unless the person was lawfully acting in self-defense." No matter who presided over Petitioner's case, he could not have received a shorter sentence of imprisonment for that offense. Petitioner has not shown he was prejudiced by his counsel's failure to move for a different judge; therefore, he has not established a claim for ineffective assistance of counsel. The Missouri Court of Appeals' decision is entitled to deference, and the Court will deny the Petition on this claim.

### 2.     Failure to investigate and call witnesses

In his second ineffective assistance of counsel claim, Petitioner asserted his counsel was ineffective for failing to call two witnesses who would have allegedly testified that a police officer instructed T.S. to include in her police statement that Petitioner said he was going to kill T.S. and her guest, when in fact Petitioner never made such a statement. He also claims these witnesses would have testified a third-party, Todd Bearden, was involved and forced T.S. to talk to the police.

The Court of Appeals affirmed the PCR motion court's denial of this claim, finding:

11

>Movant asserted in his Rule 29.15 motion that his counsel was ineffective for failing to call Corein Meyers and/or Roger Meyers, who both would have testified that they did not hear Victim and Movant arguing, did not hear Victim tell Movant to leave, and heard a gunshot outside. Further, they both would have testified Deputy Wilson mostly spoke with Bearden instead of Victim, and Deputy Wilson encouraged Victim to include a statement that Movant threatened to kill her despite that no such threat having occurred. On appeal, Movant limits his allegations of error to the witnesses' potential testimony regarding the interactions between Deputy Wilson and Bearden and Victim, as related above.
>
>First, regarding the potential testimony that Deputy Wilson mostly spoke with Bearden instead of Victim and that Deputy Wilson encouraged Victim to include in her official statement that Movant threatened to kill her, this testimony was cumulative to the testimony already presented by Victim. Failure to present evidence that is cumulative to that presented at trial does not constitute ineffective assistance of counsel.
>
>Next, to the extent Movant argues the witnesses' testimony would have supported his defense that he did not threaten to kill Victim, we disagree. Movant testified that he and Victim argued and that during the argument he shot his gun at the ceiling because he was angry, but he denied threatening to kill Victim, contrary to her testimony that he did so threaten. Movant acknowledges neither witness heard the argument between him and Victim or the shot he fired indoors, but he expected they would have testified that he did not threaten to kill Victim during that argument. A witness may only testify to facts of which he or she has personal knowledge. Neither witness could have properly testified to the truth of a conversation they did not hear and thus any statement by either Corein Meyers or Roger Meyers that "no such threat occurred" would have been inadmissible. Trial counsel will not be found ineffective for failing to present inadmissible evidence. Because this potential testimony would not have provided a defense or unqualifiedly supported Movant's defense, Movant's trial counsel was not ineffective for failing to call either Corein Meyers or Roger Meyers as a witness.

(ECF No. 8-14, at 8-9) (internal citations omitted).

A defense counsel's decision not to call a witness is "a virtually unchallengeable decision of trial strategy." *Jackson v. United States*, 956 F.3d 1001, 1007 (8th Cir. 2020). Petitioner has not shown his counsel was ineffective for failing to call Corein Meyers or Roger Meyers. The alleged testimony of these witnesses would have been cumulative to the victim's testimony and unnecessary. T.S. testified Todd Bearden called the police and pressured T.S. into doing so. When the police arrived, Mr. Bearden talked to them outside for most of the time while T.S. was

inside. (ECF No. 8-1, at 111-112, 119). She also stated the police officer instructed her to include in her statement that Petitioner said something about shooting her and her guest. *Id*. at 125-26. Petitioner's counsel is not ineffective for failing to call witnesses who would have provided cumulative testimony to the victim's own testimony. *Schlup v. Armontrout*, 941 F.2d 631, 639 (8th Cir. 1991) ("Counsel was not ineffective for failing to interview and call witnesses whose testimony would be repetitive…"); *Hall v. Luebbers*, 296 F.3d 685, 693 (8th Cir. 2002) ("We conclude that failure to present cumulative evidence is neither contrary to nor an unreasonable application of the governing principles found in *Strickland*.").

Petitioner's counsel was not ineffective for failing to call witnesses to testify about an argument they did not hear. Petitioner testified at trial that he had an argument with T.S. However, in his own brief to the Court of Appeals, he stated Corein Meyers and Roger Meyers would testify they did not hear any arguing. (ECF No. 8-11, at 32). If they did not hear the argument that Petitioner himself testified occurred, then they could not have testified that Petitioner never threatened to kill T.S. and her guest during the argument. *See Tisius v. State*, 519 S.W.3d 413, 421 (Mo. 2017) ("Typically, witnesses may testify only to those matters of which the witness has personal first-hand knowledge") (internal quotation omitted)). For these reasons, Petitioner's counsel was not ineffective for failing to call Corein Meyers and Roger Meyers as witnesses. The Court will deny the Petition on this claim.

### 3. Failure to advise of mandatory minimum sentence

In his third ineffective assistance of counsel claim, Petitioner asserted his counsel failed to advise him he would receive a fifteen-year mandatory minimum sentence if he were convicted of unlawful use of a weapon under § 571.030.1(9). He argued he would have accepted the State's plea offer of ten years imprisonment had he known of the mandatory minimum sentence.

13

The Court of Appeals affirmed the PCR motion court's denial of this claim, finding:

> In Missouri, counsel has a "duty to advise a client of the possible consequences he could receive if convicted at trial so that the client may make an informed decision as to whether to accept or reject a plea agreement," including a mandatory minimum sentence. However, where the record shows the movant understood the maximum possible sentence but still chose to proceed to trial, the movant cannot show prejudice. The mandatory minimum sentence falls within the range of what the movant was knowingly willing to risk, and thus the movant cannot later claim prejudice from receiving a sentence that he or she knew was a possibility. Further, any claim that the movant would have been persuaded by a mandatory minimum sentence when he or she was willing to risk the maximum sentence is "highly speculative."
>
> . . . .
>
> Here, because Movant was advised of and understood the maximum possible sentence of "life plus 30 years" but knowingly proceeded to trial despite that risk, he was not prejudiced by any failure to inform him of the mandatory minimum sentence. The trial court warned Movant he was "facing 15 years on Count I," which was the very sentence he did in fact receive. On these facts, Movant cannot demonstrate that, but for counsel's deficient performance, the result of the proceeding would have been different, as is necessary to meet his burden to prove the prejudice prong of the ineffective-assistance analysis.

(ECF No. 8-14, at 5-6) (internal citations omitted).

The Court of Appeals' decision is entitled to deference. 28 U.S.C. § 2254(d). This Court is unable to conclude that there is anything objectively unreasonable about the decision. The Court of Appeals did not make a decision contrary to, or involving an unreasonable application of, federal law. "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Mayfield v. United States*, 955 F.3d 707, 711 (8th Cir. 2020). "Effective assistance requires the provision of reasonably informed advice on material issues." *Id*. If Petitioner's counsel did not inform him of the mandatory minimum sentence, that may constitute ineffective assistance of counsel. However, in order to prevail on such a claim, Petitioner must also show he was prejudiced by his counsel's deficient performance, and he fails to do so.

Prior to the start of the trial, the prosecutor offered Petitioner a ten-year plea deal. (ECF No. 8-1, at 9). His counsel spoke to him about the deal. Then the trial court made a record of the plea offer, and the following exchange occurred:

> The Court: Now I'm sure your attorney has informed you that if the jury were to find you guilty, you are facing 15 years on Count I; 15 years on Count II; three to life on Count III; and a misdemeanor. And those could, if the jury found you guilty on all these charges, could max you out on all those sentences, and you could be facing up to life plus 30 years in prison.
>
> The Defendant: Yes, ma'am.
>
> The Court: Do you understand that, sir?
>
> The Defendant: Yes, ma'am.

(ECF No. 8-1, at 11). The trial court informed Petitioner he was facing 15 years on Counts I and II. While the court did not use the words "mandatory minimum," the court still made Petitioner aware he was facing 15 years imprisonment. Petitioner knew he could receive up to life plus 30 years in prison, and he still chose to go to trial. The sentence he received was well below the maximum punishment he knew he could receive before he proceeded to trial.

In *Williams v. State*, 367 S.W.3d 652, 658 (Mo. Ct. App. 2012), cited in the Court of Appeals' decision, the defendant believed he could receive between one day and life in prison. He alleged his counsel did not tell him the mandatory minimum sentence for robbery was ten years, but if he had known that, he would have accepted the plea agreement. *Id*. at 657. The appellate court held that regardless of any mandatory minimum sentence, the defendant knew his maximum sentence could be life in prison. *Id*. at 658. "He chose to take his chances despite this knowledge, and the fact that he received a sentence that he was aware was a real possibility cannot be said to have prejudiced him in this case." *Id*. The same analysis applies to Petitioner's claim in this case. Petitioner received a sentence he knew was a possibility when he went to trial. For this reason, Petitioner has not established that but for his counsel's advice, he would have

15

accepted the plea. *Talavera v. United States*, 842 F.3d 556, 558 (8th Cir. 2016) ("When the defendant's claim is that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show [*Strickland*] prejudice, the defendant must show that, but for his counsel's advice, he would have accepted the plea."). The Court will deny the Petition on this claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Robert Stewart for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Robert Stewart's Petition is **DISMISSED, with prejudice**. Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 29th day of April, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE